Oct. 3, }
  1911. }

PETITION OF SULLIVAN COUNTY RAILROAD.

A petition for leave to extend the tracks of a railroad, which was pending in the supreme court when chapter 164, Laws 1911, took effect, is to be heard and determined by the public service commission.

PETITION, for leave to extend the tracks of the Sullivan County Railroad from Lebanon to Cornish and for that purpose to take the lands of certain objecting owners.

*Branch & Branch* (*Oliver E. Branch* orally), for the petitioners.

*Herbert C. Lakin* (of New York) and *Remick & Hollis* (*Mr. Remick* orally), for objecting landowners.

YOUNG, J.   The objectors contend that chapter 164, Laws 1911, deprives the court of all further original jurisdiction of this proceeding.   That act creates a public service commission to perform the duties of the board of railroad commissioners [s. 3 (a)] and those which sections 18–20, chapter 156, Public Statutes, impose on the court (s. 12).   It also provides that its passage "shall not affect pending actions,  .  .  .   but all actions  .  .  .   pending

before the supreme court . . . or before the board of railroad commissioners . . . shall thereafter be acted upon and determined by the public service commission" [s. 3 (c)], abolishes the board of railroad commissioners [s. 3 (a)], and repeals sections 18–20, chapter 156, Public Statutes,—the statutory provisions on which this proceeding rests (s. 21).

Whether this court has further jurisdiction depends on what is intended by section 3 (c). If chapter 164 in no way affects pending actions, this court has final jurisdiction of this cause; but if that was not the legislature's intention, it must be either transferred to the public service commission or dismissed. The only evidence relevant to the issue of intention is the language the legislature used, and that provides in so many words that after the act becomes a law actions of this kind shall "be acted upon and determined" by the commission. Therefore it could not have intended the act to have no effect whatever upon them. It is more probable that section 3 (c) was intended to limit the effect of the act on such actions. In other words, the legislature used "but," in the second line of section 3 (c), in the sense of "except"; and that is one of its most common meanings. Webster New Int. Dict., But, 1, 2. If it was used in that sense, the act so far affects pending actions that thereafter they are to "be acted upon" by the commission. The fact that section 3 (c) is meaningless if that was not the sense in which "but" was used tends to the same conclusion; and as there is nothng in the act to rebut this presumption, it must be held that it affects pending actions to this extent, and to this extent only, that thereafter they are to be acted upon and determined by the commission.

*Motions for further proceedings in this court denied.*

All concurred.